### In re THOMPSON, Commissioner.

(*Supreme Court, General Term, Second Department.* May 14, 1888.)

EMINENT DOMAIN—COMPENSATION—ALLOWANCE.

Under Laws N. Y. 1883, c. 490, authorizing the construction of the new aqueduct, and providing for compensation for injuries resulting therefrom, compensation may be awarded for injuries from shocks caused by blasting, the damages therefrom being purely consequential, but not for damages from the construction by the contractors of a roadway over lands not condemned for the work, as this is a trespass for which a separate action will lie.

In the matter of the petition of Hubert O. Thompson, Commissioner, etc., for the appointment of commissioners of appraisal, under the aqueduct act, (Laws N. Y. 1883, c. 490,) to take lands belonging to Clinton W. Sweet. Defendant appeals from the award of damages assessed by the commissioners.

CULLEN, J. The award made to the land-owner in this case seems inadequate; but, as usual in this class of cases, the testimony as to values is very conflicting. The difficulty of reviewing the action of commissioners to condemn land, who act, not only upon the evidence adduced before them, but also on their own knowledge and personal examination, is so great that the court would not be justified in setting aside an award unless the inadequacy is gross, or the commissioners have erred in the legal principles upon which they have acted. *In re William and Anthony Sts.*, 19 Wend. 694; *In re South Seventh St.*, 48 Barb. 16.

The claim for damages for the construction by the contractors of a roadway over the appellant's property was properly disallowed. *In re Thompson*, (*Case of Cammann*,) 43 Hun, 416. The construction of the road outside of the lands sought to be acquired, was a simple trespass, for which the appellant may recover in an action against the proper parties. But there was a further claim for damages made, that was for injury done the appellant's dwelling from shocks caused by blasting. The statute authorizing the construction of the aqueduct provides for compensation for such injuries. The fact of the damage does not seem to have been controverted. It was left to the commissioners to determine upon inspection, and without evidence, the amount of the damage; but they seem to have made no award for it. The damages sought to be recovered differ in their character from those occasioned by the construction of the temporary road. No trespass is committed, for the blasted rock was not cast upon the appellant's land. They are strictly

consequential. We think no separate action could be maintained to recover them, in the absence of proof of negligence, because it will be presumed that in this proceeding the land-owner recovered for all injuries occasioned by the proper prosecution of the work. *Rood* v. *Railroad Co.*, 18 Barb. 80; *Bellinger* v. *Railroad Co.*, 23 N. Y. 42. The amount of this claim is small; but, for the error in failing to make an award for it, we think that the appraisal should be set aside. Order and appraisal appealed from reversed, with costs, and new appraisal before ·other commissioners, to be appointed at special term, ordered.